59 CCPA

The **JOSEPH AND FEISS COMPANY,**
Appellant,

v.

**SPORTEMPOS, INC., Appellee.**
**Patent Appeal No. 8598.**

United States Court of Customs
and Patent Appeals.
Dec. 30, 1971.

---

Albert L. Ely, Jr., Cleveland, Ohio (Ely, Golrick & Flynn), Cleveland, Ohio, attorneys of record, for appellant.

William R. Liberman, New York City, attorney of record, for appellee.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and RAO, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal from a decision of the Trademark Trial and Appeal Board summarily dismissing, on motion, the opposition of appellant, The Joseph & Feiss Company. Appellant opposed the application of appellee, Sportempos, Inc., to register "SPORTEMPOS" for suits, jackets, and skirts; trousers and slacks; outer shorts, coats, outer dresses and sport shirts, blouses, shells, with and without sleeves; sweaters, shifts; and caps, all for women, young women and girls. Appellee asserts use since January 15, 1946 and ownership of Registration No. 428,190 which issued March 11, 1947. As grounds for its opposition, appellant asserts that "[o]pposer's trademark TEMPO was registered under the Act of 1905 by opposer's predecessor in interest, as Registration No. 373,318,[1] issued December 5, 1939, was duly renewed, and opposer has continued and intends to continue use of said trademark for tailored clothing." It also asserts that the contemporary use of the respective marks in association with the specified goods is likely to cause confusion in trade. Appellee's answer to the opposition put in issue all of the allegations set forth in the pleading.

On the last day of appellant-opposer's trial period, it moved for "summary judgment," stating as grounds therefor that inasmuch as no discovery testimony had been taken, it predicated its motion for judgment on the pleadings and an attached affidavit of Michael Rosen and exhibits thereto annexed.

In responding, appellee requested that the motion be dismissed and affirmatively cross-moved for judgment under Rule 2.132 on the ground that appellant-opposer, having failed to take testimony or to introduce any evidence in support of the allegations of the notice of opposition during its trial period, had not shown, at least prima facie, that it is entitled to judgment. In conjunction with the cross-motion, appellee submitted a certified copy of Registration No. 428,190, which, the board observed, "shows on its face that it is the owner thereof and that the certificate is valid, subsisting and incontestable."

We do not deem it necessary, as did the board, to discuss the office and functions of summary judgment procedure or the timeliness of the motion for summary judgment which was filed on the last day of appellant's trial period, or whether or not appellant is the actual owner of a registration of a mark which is confusingly similar to the mark appellee seeks to register.

After citing a number of relevant cases, this court in Morehouse Mfg. Corp. v. J. Strickland Co., 407 F.2d 881, 56 CCPA 946 (1969), stated:

> The proposition for which these cases were cited is that, as a matter of law, the opposer cannot be damaged, within the meaning of section 13 of the statute, by the issuance to the applicant of a second registration where applicant already has an existing registration of the same mark for the same goods. Implicit in this are the corollaries that if opposer cannot procure the cancellation of the existing registration it cannot prevent the granting of the second registration; that there is no added damage from the second registration of the same mark if the goods named in it are in

---

1. It is noted that the mark shown in said registration is "TEMP-O°" in stylized form and displayed within a rectangular outline. The goods designated therein are men's, boys', and children's outer garments consisting of coats, vests, pants, and trousers.

fact the same; and that if there is no added damage, there is no ground for sustaining the opposition.

Because we agree with the board that:

* * * the mark which applicant is presently seeking to register is identical to the mark which serves as the subject matter of Registration No. 428,190, and that the goods specified in applicant's registration and application are in part identical and otherwise considered substantially the same, or so related as to represent in law a distinction without a difference * * *

we think it correct in concluding that opposer could not possibly be damaged by the registration which applicant now seeks to register.

We affirm the decision of the board in dismissing the opposition.

Affirmed.